IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robin S.,[1] | ) Civil Action No.: 1:20-cv-410-BHH |
|            Plaintiff, | ) |
| v. | ) **ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration,[2] | ) |
|            Defendant. | ) |

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Robin S.'s ("Plaintiff") claim for disability insurance benefits and supplemental security income. The record includes the report and recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court reverse the Commissioner's final decision denying benefits and remand the matter for further administrative review. The Commissioner filed written objections to the Report, and Plaintiff filed a reply to the Commissioner's objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is automatically substituted for Andrew Saul as Defendant in this suit.

served a copy).  For the reasons stated below, the Court overrules the Commissioner's objections, adopts the Magistrate Judge's Report, and reverses and remands the Commissioner's final decision for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on August 11, 2016, alleging her disability began on August 8, 2016.[3]  Plaintiff's applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"),which was held on January 4, 2019.  On January 30, 2019, the ALJ issued a decision denying Plaintiff's claims.  The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review on January 31, 2020.

## STANDARDS OF REVIEW

**I.     The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

---

[3] Plaintiff subsequently moved to amend her alleged onset date to January 1, 2017, and the ALJ granted her motion.

## II.  Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.  The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

3

expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2017, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: herniated disc of the lower back, obesity, and left knee problems. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's

residual functional capacity ("RFC"), the ALJ found that Plaintiff can perform a range of light work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), and that Plaintiff: can lift/carry 20 pounds occasionally and 10 pound frequently; can stand/walk for four hours in an eight-hour workday; can sit for six hours in an eight-hour workday; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, bend, kneel, crawl, and crouch; can occasionally work with or around hazards, dangerous machinery, and heights; and can occasionally operate foot controls with the left lower extremity. The ALJ found that Plaintiff is unable to perform any past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the ALJ found that Plaintiff has not been under a disability from January 1, 2017, through the date of the decision. (ECF No. 13-1 at 24-30.)

## II.     The Court's Review

In this action, Plaintiff asserts that the ALJ failed to properly evaluate Dr. Norris's opinions regarding Plaintiff's ability to work and that the ALJ improperly assessed Plaintiff's RFC. The Magistrate Judge thoroughly outlined the evidence of record and considered each of Plaintiff's claims, as more thoroughly addressed below.

### A.     Dr. Norris's Opinions

First, with respect to Plaintiff's claim that the ALJ failed to properly evaluate Dr. Norris's opinions, the Magistrate Judge correctly explained that, because Plaintiff filed her claims prior to March 27, 2017, the ALJ was required to evaluate the medical opinions based on the rules in 20 C.F.R. §§ 404.1527 and 416.927, as well as Social Security Rulings 96-2p, 96-5p, and 06-3p. The Magistrate Judge explained that under these rules

and regulations, the ALJ may give less than controlling weight to the opinions of a treating physician, such as Dr. Norris, but that the ALJ must weigh all medical opinions of record based on the factors listed in 20 C.F.R. §§ 404.1527(c) and 416.927(c) and must include in the decision sufficiently specific reasons for the weight given to the treating source's medical opinions, supported by the evidence of record.  See S.S.R. 96-2p, 1996 WL 374188, at *5 (1996).

Here, the ALJ gave little weight to Dr. Norris's opinions, finding them inconsistent with Dr. Norris's treatment notes, and the Magistrate Judge determined that the ALJ cited sufficient evidence to support his decision not to accord *controlling* weight to Dr. Norris's opinions.  As to the ALJ's decision to give *little* weight to Dr. Norris's opinions, however, the Magistrate Judge found that the ALJ did not specifically consider the relevant factors, such as the length of the treatment relationship, the frequency of examination, or the nature and extent of the treatment relationship.  The Magistrate Judge also found that the ALJ gave an inadequate explanation to support his finding that Dr. Norris's opinions were inconsistent with the other objective evidence in the record, noting both inconsistencies in the evidence referenced by the ALJ and the existence of conflicting evidence that the ALJ neglected to consider.  The Magistrate Judge explained:

> As the evidence reflects additional impairments, signs, symptoms, and restrictions that the ALJ declined to reconcile with his assessment, the undersigned must conclude that he conducted only a conclusory evaluation of the consistency of Dr. Norris's opinion with the other evidence of record. Because the ALJ did not cite good reasons for his allocation of "little weight" to Dr. Norris's opinion, substantial evidence does not support his weighing of the treating physician's opinion.

(ECF No. 16 at 58.)

The Commissioner objects to the Magistrate Judge's findings regarding the ALJ's

treatment of Dr. Norris's opinions and asserts that the ALJ reasonably accorded little weight to Dr. Norris's opinions. The Commissioner argues that the Fourth Circuit has not mandated that the ALJ expressly consider each factor, as long as the ALJ demonstrates that he applied the factors and provides good reasons for his decision. (ECF No. 17 at 3.) According to the Commissioner, the ALJ cited Dr. Norris's notes as a whole, evidencing his awareness of the nature of their relationship, and the ALJ was aware that Dr. Norris referred Plaintiff to specialists. The Commissioner asserts that there was no rigid requirement for the ALJ to refer to each physical finding in the record and that the ALJ's decision, when read as a whole, evidences his thorough consideration of the record.

After review, the Court is not persuaded by the Commissioner's objection, and the Court agrees with the Magistrate Judge that the ALJ's decision does not demonstrate that he applied and considered the necessary factors. Moreover, the Court agrees with the Magistrate Judge that the ALJ cited conflicting evidence to support his decision to give little weight to Dr. Norris's opinions. While the Commissioner is correct that an ALJ is not required to cite each physical finding in the record, it is clear from a review of the evidence of record that the ALJ declined to address a large amount of objective evidence that supported Dr. Norris's opinions. And overall, the Court agrees with the Magistrate Judge that the ALJ failed to cite "good reasons" to support giving little weight to Dr. Norris's opinions. Accordingly, the Court cannot find that substantial evidence supports the ALJ's decision.

    **B.    Plaintiff's RFC**

Next, in addressing Plaintiff's second claim–that the ALJ improperly assessed Plaintiff's RFC–the Magistrate Judge first agreed with the Commissioner that the ALJ's

singular reference to "sedentary" work was likely a scrivener's error. Nevertheless, the Magistrate Judge found a more substantive error with respect to the ALJ's assessment of Plaintiff's RFC. Specifically, the Magistrate Judge found that the ALJ failed to explain how the evidence of record supported an RFC assessment for light work, stating:

> After setting forth an RFC for light work as his fifth finding in the decision, the ALJ did not provide a cohesive explanation to support the RFC assessment. He discussed Plaintiff's testimony, some of the evidence, and the medical opinions of record and concluded the evidence did not fully support Plaintiff's allegations, but he failed to explain how it supported an RFC for light work. Moreover, he specifically stated Plaintiff's impairments were "adequately accommodated by the restrictions of sedentary work." Tr. at 21. Thus, the most logical reading of the ALJ's decision would suggest that the evidence he cited supported an RFC for sedentary work. Plaintiff was undoubtedly left with the question of "[w]hy did the ALJ find I could perform light work?" Where, as here, the plaintiff and the court are "left to guess about how the ALJ arrived at his conclusion," that conclusion is not supported by substantial evidence.

(ECF No. 16 at 63.)

The Commissioner objects to this portion of the Magistrate Judge's Report, asserting that the ALJ provided a clear window into his reasoning and properly considered the relevant evidence when assessing a light-work exertional capacity with additional limitations.

After review, the Court again is not persuaded by the Commissioner's objection. As the Magistrate Judge explained, the ALJ's decision fails to sufficiently explain how the evidence supported an RFC assessment for light work. In other words, the Court agrees with the Magistrate Judge that the ALJ did not build the required logical bridge from the medical evidence to the conclusion that Plaintiff can perform light work, and the Court finds that the Commissioner's objections do nothing to alter this finding. Ultimately, in the absence of a cohesive explanation supporting the ALJ's RFC assessment, the Court

cannot find that substantial evidence supports the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law in her thorough and comprehensive 65-page Report, and the Court finds the Commissioner's objections unavailing. Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 16); the Court overrules the Commissioner's objections (ECF No. 17); and the Court reverses the Commissioner's final decision denying benefits and remands the matter for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 20, 2021
Charleston, South Carolina